NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0643n.06

No. 14-6294

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Sep 17, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ANTHONY GRAYER, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BATCHELDER, ROGERS, and KETHLEDGE, Circuit Judges.

ROGERS, Circuit Judge. Anthony Grayer, a felon, sold firearms and drugs to an undercover agent. In addition to selling two firearms directly to the undercover agent, Grayer referred the agent to an associate who sold the agent another four firearms. Grayer pled guilty to two counts of violating 18 U.S.C. § 922(g), which proscribes the possession of firearms by felons. Grayer received a sentencing guideline enhancement under U.S.S.G. § 2K2.1(b)(1)(A) of four levels because the offense, including relevant conduct, involved three to seven firearms. But because the referral regarding the four additional firearms was not shown to be possession and thus not shown to be criminal, the enhancement was not properly applied. Resentencing is accordingly required.

In July 2011, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) targeted Grayer for investigation on suspicion that he was trafficking narcotics and firearms between

Jackson, Tennessee and Chicago, Illinois. ATF set up a sting operation and in August 2011, an undercover agent began buying narcotics and firearms from Grayer in Jackson. The first transaction between the agent and Grayer was for seven hydrocodone pills purchased from Grayer at his home on August 13.

Several days after this initial purchase of illegal narcotics, the agent attempted to set up a firearms deal, but Grayer replied that his associate had the firearms and he had not seen them. On September 13, the undercover agent and a confidential informant met Grayer at his home to buy firearms from Grayer's associate. While the three people were gathered at Grayer's house, the associate contacted Grayer and instructed him to send the buyers to a different location in Jackson for the deal. The agent and informant went to that location and purchased four firearms from two unidentified people.

The sting operation continued for another month, with the undercover agent purchasing drugs and firearms directly from Grayer. On September 22, Grayer sold the agent one firearm. On October 6, after an unsuccessful attempt to acquire two Glock pistols for the agent, Grayer sold the agent 30 hydrocodone pills. On October 13, Grayer sold the agent another firearm and seven hydrocodone pills. In 2013, Grayer was indicted in the Western District of Tennessee on two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He pled guilty.

There were two disputes at sentencing relevant to this appeal.[1] The first concerned the number of firearms attributable to Grayer under U.S.S.G. § 2K2.1(b)(1). That provision provides for an enhancement if the offense, including relevant conduct under U.S.S.G. § 1B1.3, involved three or more firearms. Grayer argued that he had possessed and sold only two

---

[1] Another dispute involved the application of a four-level enhancement for possession of a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(6)(B). Grayer objected to its application and the Government conceded its inapplicability.

firearms: the two that he had directly sold to the undercover agent. According to Grayer, he was not responsible for the four firearms purchased from his associate because that sale was a legal exchange between his associate and the undercover agent. The district court overruled Grayer's objection and found that Grayer had facilitated the sale of the other four firearms, reasoning that felons cannot "be helping sell or facilitate the [sale] of firearms for somebody else." This finding resulted in a two-level enhancement because the offense involved three to seven firearms.

The second dispute was over whether Grayer's prior conviction in Illinois state court for aggravated fleeing was a conviction of a crime of violence under the residual clause of U.S.S.G. § 4B1.2(a)(2). The initial Presentence Report failed to classify the aggravated fleeing conviction as a crime of violence, but the Government objected. Based on the United States Supreme Court's decision in *Sykes v. United States*, 131 S. Ct. 2267 (2011), *overruled by Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court found that the conviction for aggravated fleeing was a conviction of a crime of violence. Because Grayer also had a prior controlled substance conviction, under U.S.S.G. § 2K2.1(a)(2), this finding increased Grayer's base offense level from 20 to 24.

The district court calculated Grayer's base offense level as 24 pursuant to U.S.S.G. § 2K2.1(a) because Grayer had a prior controlled substance conviction and a prior conviction for a crime of violence. The district court added a two-level enhancement for the six firearms attributable to Grayer under U.S.S.G. § 2K2.1(b)(1)(A). Then the district court subtracted three levels for acceptance of responsibility. With a total offense level of 23 and a criminal history category of VI, Grayer's guidelines imprisonment range was 92 to 115 months. The court varied downward, sentencing Grayer to 84-months' imprisonment for each count, to run concurrently.

Grayer appealed, arguing that the enhancement under U.S.S.G. § 2K2.1(b)(1) for an offense involving three or more firearms was improperly applied. After Grayer submitted his principal appellant's brief, the Supreme Court ordered reargument in *Johnson v. United States* on the constitutionality of the residual clause of the Armed Career Criminal Act. Before the Government's appellee brief was submitted, Grayer filed a Fed. R. App. P. 28(j) letter arguing that his prior conviction should not qualify as a crime of violence because the residual clause was unconstitutionally vague. Grayer elaborated on this argument in his reply brief. After the Supreme Court decided *Johnson*, we requested supplemental briefing on whether the residual clause of U.S.S.G. § 4B1.2(a)(2) is unconstitutionally vague. Both parties filed supplemental briefs arguing that the clause is unconstitutionally vague, and the Government conceded that application of U.S.S.G. § 2K2.1(a) was plain error for that reason.

The district court erred in attributing the four firearms to Grayer. Relevant conduct under U.S.S.G. § 1B1.3 must be criminal conduct. *United States v. Catchings*, 708 F.3d 710, 720 (6th Cir. 2013). Here, the district court determined that Grayer's conduct was criminal on the theory that felons cannot "be helping sell or facilitate the [sale] of firearms for somebody else." But neither the Government nor the district court has identified a federal or state law criminalizing such conduct. None is self-evident. Neither of the two most obvious candidates aligns with the district court's stated rationale. For example, "[18 U.S.C. §] 922(g) proscribes possession alone." *Henderson v. United States*, 135 S. Ct. 1780, 1784 (2015). It "does not affect[] the right merely to sell or otherwise dispose" of firearms—so long as the felon never possesses them, actually or constructively. *Id.* at 1784. In addition, 18 U.S.C. § 922(a)(1) does not prohibit felons from helping to sell firearms, rather it prohibits "any person [from] engag[ing] in the

business of . . . dealing in firearms." We express no opinion on whether Grayer's conduct violated either of these two statutes.

When Grayer contested whether his conduct was criminal, the Government should have identified the criminal statute that Grayer's conduct violated. *See United States v. Catchings*, 708 F.3d 710, 721 (6th Cir. 2013); *United States v. Schafer*, 291 F.3d 932, 938–41 (7th Cir. 2002); *United States v. Dickler*, 64 F.3d 818, 831 (3rd Cir. 1995). When the Government fails to identify the applicable criminal statute, the defendant is denied notice and a fair opportunity to contest application of the enhancement. When the district court overrules the defendant's objection without clearly identifying the legal basis for its determination, the district court hinders effective review of its determination. On remand, the district court should require the Government to identify the applicable statute and to explain how Grayer's conduct violated that statute.

Finally, we need not address Grayer's challenge to the application of the residual clause of U.S.S.G. § 4B1.2(a)(2) to his case. The Government has conceded in supplemental briefing that § 4B1.2(a)(2) does not apply here, so that issue is no longer contested in this case.

The sentence of the district court is vacated and the case is remanded for resentencing.