NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3652
_____

UNITED STATES OF AMERICA

v.

KENNETH TOWNSEND,
                    Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(WD Pa. No. 2-12-cr-00125-003)
District Judge:  Honorable Cathy Bissoon

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2015

Before:  FISHER, HARDIMAN and ROTH, *Circuit Judges*.

(Filed: December 23, 2015)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Kenneth Townsend appeals his conviction for possession with intent to distribute

less than 500 grams of cocaine and possession with intent to distribute 28 grams or more

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

of crack cocaine. We will affirm his conviction. Townsend also appeals his sentence of 200 months' imprisonment based on his conviction. We will vacate his sentence and remand to the District Court for resentencing.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In late 2011 through early 2012, the Federal Bureau of Investigation ("FBI"), in coordination with local law enforcement, began investigating heroin trafficking in the East Hills neighborhood of Pittsburgh, Pennsylvania. The FBI obtained court authorization to intercept Damon Boyd's communications. Although Boyd spoke in coded language and terms, Allegheny County Sheriff Deputy Shane Countryman was able to decipher Boyd's conversations and determine that Boyd was trafficking cocaine and heroin. Further surveillance revealed that Boyd and Carter Gaston were planning to pool their funds in order to purchase cocaine. Authorities observed Boyd and Gaston sitting in Boyd's Ford Expedition, which was parked in front of 303 Wyckoff Street—Townsend's residence. After entering and exiting the residence several times, the two men spent two hours inside before leaving. Soon after, Boyd communicated with others that he was selling cocaine.

2

In late January 2012, authorities learned that Boyd and Townsend intended to conduct another cocaine transaction on February 1, 2012. Deputy Countryman, FBI Special Agent David Hedges, and a local police officer followed Boyd and Gaston to Townsend's residence, where Boyd and Gaston remained inside for two hours before driving away in Boyd's Ford Expedition. Countryman decided that authorities would stop Boyd, while others continued to surveil Townsend's residence. Based on an outstanding arrest warrant, Boyd was arrested and removed from the vehicle. The passenger Gaston did not have a valid driver's license, and thus the car became the responsibility of the Allegheny County Sherriff's Office. Pursuant to the office's standard policies and procedures, Countryman conducted an inventory search of the car. After seeing the radio was loose, Countryman touched the radio, which caused it to fall off. Under the radio were two patties of crack cocaine that were still wet, indicating they were recently processed.

After the stop, Countryman applied for a search warrant to search Townsend's residence. Countryman described the source of the information as a "confidential source" and informed the presiding judge that the confidential source was the wire intercept. The affidavit of probable cause also described the stop and inventory search of Boyd's car and the authorities' observations of Boyd and Gaston visiting Townsend's residence. Three hours later, the application was approved. Upon searching Townsend's residence,

authorities found powder cocaine, baking powder, strainers, digital scales, and other items associated with crack cocaine.

A federal grand jury returned an indictment charging Townsend with possession with intent to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession with intent to distribute 28 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and conspiracy to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. § 846. During his trial in the District Court for the Western District of Pennsylvania, Townsend filed two motions to suppress evidence pertaining to the search of his residence. The District Court denied both motions. Townsend was convicted of possession with intent to distribute less than 500 grams of cocaine and possession with intent to distribute 28 grams or more of crack cocaine; the jury was hung on the conspiracy count, which was later dismissed.

At sentencing, Townsend's Presentence Investigation Report recommended that Townsend be sentenced as a career offender pursuant to the United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 as a result of two prior convictions: possession with intent to deliver cocaine (a controlled substance offense) and fleeing and attempting to elude a police officer (a crime of violence). Thus, Townsend faced a potential Guideline sentence of 360 months to life. Despite finding that he was a career offender and subject to a Guidelines range of 360 months to life, the District Court granted Townsend's request for a downward variance and sentenced him to 200 months' imprisonment for

4

each count to run concurrently. Townsend timely appealed both his conviction and sentence.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review of the District Court's application of the law to those facts.[1]

## III.

## A.

Townsend first argues that the search warrant executed on his home was issued without a finding by a neutral, detached magistrate that probable cause existed. He claims that investigators did not adequately corroborate what was overheard through the wiretap surveillance.

In determining whether probable cause exists to support a search warrant, the duty of the reviewing court is "simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed."[2] Probable cause exists when, "viewing the

---

[1] *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).
[2] *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (internal quotation marks omitted).

totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"[3]

As the District Court correctly found, the issuing judge had a substantial basis for concluding that probable cause existed to support the search warrant. The affidavit described that a "confidential source," which Countryman explained to the issuing judge was the wiretap surveillance, indicated that "there was going to be a drug transaction on Wyckoff Avenue," and that authorities observed a car belonging to Boyd, a convicted drug trafficker, park at Townsend's residence on Wyckoff Avenue. Authorities also observed Boyd and Gaston enter and exit Townsend's residence, and after stopping Boyd and arresting him on an outstanding warrant, they discovered still-wet crack cocaine, indicating that it had very recently been cooked. Based on this information, there was a fair probability that evidence of illegal drug trafficking would be found at Townsend's residence.

Townsend's arguments to the contrary are not persuasive. Townsend argues that there was no independent police corroboration. But this argument completely overlooks the authorities' surveillance of Townsend's residence, their traffic stop and arrest of Boyd, and their discovery of the still-wet crack cocaine. He also argues that there is no support for the inference that still-wet crack cocaine indicates that it was recently processed. However, the issuing judge is entitled to "give considerable weight to the

---

[3] *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (quoting *Gates*, 462 U.S. at 238).

conclusions of experienced law enforcement officers."[4] Townsend further claims that the affidavit's statements that Boyd and Townsend are known drug dealers are bald-faced assertions. But even without those statements, the affidavit contained sufficient information to support probable cause for issuing the search warrant.

Even if there did not exist sufficient facts to support probable cause, the search would nonetheless be valid under the good faith exception: suppression of the evidence is not required, even in the absence of a valid search warrant, if the officer relied in good faith on the issuance of the search warrant.[5] In this case, there are no facts to indicate that Countryman's reliance on the warrant was not reasonable or in good faith. Thus, the District Court did not err in denying Townsend's motion to suppress.

B.

Townsend next argues that Countryman acted outside of his legal authority in obtaining the search warrant because he is not authorized to investigate violations of the Pennsylvania Controlled Substance, Drug, Device & Cosmetic Act.[6]

Even if Townsend's interpretation of the Pennsylvania Controlled Substance, Drug, Device & Cosmetic Act were correct and a violation of state law occurred, the question here is whether the warrant is valid under the Fourth Amendment. A violation of

---

[4] *United States v. Whitner*, 219 F.3d 289, 296 (3d Cir. 2000).
[5] *United States v. Leon*, 468 U.S. 897, 922 (1984).
[6] 35 Pa. Stat. §§ 780-101 *et seq*.

7

state law is not relevant to the federal constitutional analysis required here.[7] Thus, suppression of the evidence is not required.

C.

Lastly, Townsend makes several additional arguments pro se. First, he argues that the District Court erred in failing to conduct a *Franks* hearing to determine whether the information in the affidavit was stale and in violation of the Fourth Amendment. Townsend was not entitled to a *Franks* hearing because he could not make a "substantial preliminary showing that the affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth."[8] Second, Townsend argues that the Guidelines' Drug Equivalency Tables violate the rule set forth in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), because the amount of cocaine involved was not submitted to the jury. This argument also fails. "'[F]actual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne*.'"[9]

Finally, Townsend claims that his constitutional right to confront the witnesses against him was violated because FBI Special Agent Hedges—the affiant to the probable

---

[7] *Virginia v. Moore*, 553 U.S. 164, 176-78 (2008) (holding that state law is immaterial for Fourth Amendment search analysis).

[8] *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) (internal quotation marks omitted).

[9] *United States v. Freeman*, 763 F.3d 322, 335 (3d Cir. 2014) (quoting *United States v. Ramirez-Negron*, 751 F.3d 42, 48 (1st Cir. 2014)).

cause affidavit to conduct the initial wiretap surveillance—was not subject to cross examination. The Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination."[10] Townsend fails to identify any testimonial statements made by Hedges. Rather, Townsend appears to argue that Agent Hedges' testimony was necessary to determine whether Countryman was reckless in his affidavit for probable cause to search Townsend's residence. But as already noted, Townsend was not entitled to a *Franks* hearing. Further, even assuming Hedges made testimonial statements and thus should have testified, any error was harmless, as there was more than enough probable cause to support the wiretap and search warrants.[11] Therefore, we will affirm his conviction.

IV.

Townsend's final argument is that he should not have been sentenced as a career offender under the Guidelines in light of recent Supreme Court precedent.

Following Townsend's sentencing, on June 26, 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. We requested supplemental briefing to address the relevance of the Supreme Court's decision to

---

[10] *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004).
[11] *See United States v. Jimenez*, 513 F.3d 62, 78 (3d Cir. 2008) (applying harmless error review to a Confrontation Clause challenge).

9

Townsend, who was sentenced under the career offender provision of the Guidelines, [12] not the ACCA.

Although *Johnson* addressed the constitutionality of the ACCA and not the career offender provision of the Guidelines, the language of the residual clause in the ACCA is identical to the language in the Guidelines' career offender enhancement, under which Townsend was sentenced. Because of this, we have previously stated that "authority interpreting one is generally applied to the other."[13] The Government concedes that, pursuant to *Johnson*, Townsend should not have been sentenced as a career offender. As a result, the Government agrees with Townsend that remand for resentencing is appropriate. We agree.[14]

---

[12] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

[13] *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009).

[14] We recognize that the Eleventh Circuit has held that *Johnson* does not invalidate the residual clause of the career offender provision in the Guidelines. *United States v. Matchett*, 802 F.3d 1185 (11th Cir. 2015). Other circuits, however, have accepted the Government's concession that *Johnson* applies and have remanded for resentencing. *E.g., United States v. Taylor*, 803 F.3d 931 (8th Cir. 2015) (per curiam); *United States v. Grayer*, No. 14-6294, 2015 WL 5472743 (6th Cir. Sept. 17, 2015); *United States v. Goodwin*, No. 13-1466, 2015 WL 5167789 (10th Cir. Sept. 4, 2015). We are guided, in this case, by our own circuit precedent interpreting the residual clauses in the Guidelines and the ACCA in light of their identical wording and by the Government's concession that Townsend should be resentenced.

Townsend's prior conviction for attempting to elude a police officer is not one of the enumerated crimes of violence in U.S.S.G. § 4B1.2(a).[15] Rather, eluding a police officer is a crime of violence under § 4B1.2(a)(ii)'s residual clause—it "involves conduct that presents a serious potential risk of physical injury to another."[16] Under the Supreme Court's ruling in *Johnson*, as applied to the Guidelines, Townsend's prior conviction for attempting to elude a police officer is not a crime of violence. Therefore, only one of Townsend's prior convictions qualifies under § 4B1.1; without a qualifying second prior conviction, sentencing Townsend under the career offender provision was error, and resentencing is appropriate.

V.

For the reasons set forth above, we will affirm Townsend's conviction and vacate Townsend's sentence and remand to the District Court for resentencing.

---

[15] *See* U.S.S.G. § 4B1.2(a) ("The term 'crime of violence' means any offense … that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, or involves the use of explosives….").

[16] *Id.*