NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1577
_____

UNITED STATES OF AMERICA

v.

KENNETH TOWNSEND,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 2-12-cr-00125-003)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 3, 2016

Before:  JORDAN, GREENAWAY, JR., and RENDELL, *Circuit Judges*.

(Filed: November 17, 2016)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Kenneth Townsend was convicted of drug offenses and sentenced as a career

criminal, but the District Court gave him a downward variance from the recommended

_____

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

guidelines range. We vacated his sentence in light of Supreme Court precedent that invalidated portions of the Armed Career Criminal Act. *Johnson v. United States*, 135 S. Ct. 2551 (2015). On remand, the District Court granted the government's request to enhance Townsend's sentence for obstruction of justice, and the Court resentenced him to the full length of his original sentence. On appeal, Townsend challenges the Court's reliance on the remarks of an accomplice made in a proffer to the Federal Bureau of Investigation. We conclude that the Court did not clearly err in crediting those remarks and will therefore affirm.

## I.      Background

### A.      Arrest and Trial

In late 2011 and early 2012, the FBI and law enforcement officers in Pittsburgh, Pennsylvania conducted an investigation into local heroin trafficking. Through a wiretap, they determined that Damon Boyd and Carter Gaston were dealing cocaine and heroin. The investigators also became suspicious of Townsend after they observed Boyd and Gaston repeatedly entering and exiting from Townsend's residence.

Soon after, the agents learned of a cocaine transaction happening there. They followed Boyd and Gaston as those two drove away from the home. The agents stopped them and arrested Boyd on an outstanding warrant. While conducting a standard inventory search of the vehicle, they discovered crack cocaine. The cocaine was still wet, indicating that it had been recently processed. The agents obtained a search warrant for Townsend's home and promptly conducted a search. There they found cocaine and items associated with the processing of crack.

2

Townsend was convicted of possession with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), and of possession with intent to distribute 28 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1). He was also charged with, but not convicted of, conspiracy to distribute 28 grams or more of cocaine, in violation of 21 U.S.C. § 846. During trial, he testified that the only time that he had ever processed cocaine for Boyd was on the day he was arrested. The jury could not reach a decision on the conspiracy charge and that charge was dismissed.

## B. Sentencing and Appeal

Townsend was sentenced as a career offender pursuant to the United States Sentencing Guidelines § 4B1.1. He had two prior offenses that contributed to his status as a career offender: possession with intent to deliver cocaine (a controlled substance offense) and fleeing a police officer (which at the time was considered a crime of violence).[1] The Sentencing Guidelines recommended a prison sentence of 360 months to life, but the District Court granted Townsend's request for a downward variance and sentenced him to 200 months in prison. In explaining its decision to grant the variance, the Court noted that Townsend's "record is light with respect to violent tendencies" and that Townsend "has shown some inclination toward bettering himself and learning a trade both before and after his arrest." (Suppl. App. at 102.) The District Court therefore concluded that the sentence was "sufficient but not greater than necessary to meet the goals of [18 U.S.C.] Section 3553." (*Id.* at 103.)

---

[1] As explained herein, we later determined that Supreme Court precedent undermined the conclusion that his conviction for flight was a crime of violence.

3

The government had argued that Townsend qualified for an obstruction of justice enhancement pursuant to U.S.S.G. § 3C1.1.  It claimed that he had offered false testimony when he claimed that he had only cooked crack cocaine for Boyd on a single occasion.  Because Townsend qualified as a career criminal, and therefore already faced an elevated recommended sentence, the District Court did not resolve whether an obstruction of justice enhancement was proper.

Townsend appealed his sentence, raising a variety of arguments about whether there was probable cause to search his home and whether he had been denied his right to confront a witness.  *United States v. Townsend*, 638 F. App'x. 172, 175-77 (3d Cir. 2015).  We determined those arguments to be meritless and affirmed his conviction.  *Id.* But, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), we concluded that Townsend's prior conviction for eluding a police officer no longer qualified as a crime of violence, *Townsend,* 638 F. App'x at 178, and therefore Townsend no longer qualified as a career criminal.  Accordingly, we vacated his sentence and remanded to the District Court for resentencing.

C.      Resentencing

On remand, the District Court held a new sentencing hearing.  The government argued for imposing the obstruction of justice enhancement that had been passed over during the first sentencing.  It also urged the Court to impose the same sentence that had originally been imposed because, while "Mr. Townsend may no longer be a career offender in terms of the legal definition, he is a career offender by every other definition."  (App. at 87a.)

4

Townsend responded that Gaston's statements were unreliable because he made them out of a self-serving desire to reduce his own sentence. Townsend also noted that Boyd at one point had called Gaston to ask for Townsend's number, which, Townsend claimed, undermined the assertion that Boyd worked with Townsend on numerous occasions. Moreover, according to Townsend, his earlier interactions with Boyd only involved marijuana, not cocaine.

The Court evaluated the record from the original sentencing hearing, as well as supplemental information, the guidelines, and the parties' arguments. It credited Gaston's statement as being believable and noted that there were "other indicia that Mr. Townsend and Mr. Boyd had a relationship including Mr. Townsend's knowledge of Mr. Boyd's street name, his knowledge of Mr. Boyd's voice, and the manner in which they conversed." (App. at 98a.) It found that Townsend's claim that he had only manufactured crack on one occasion was "a perjured statement by a preponderance of the evidence." (App. at 98a.) The Court therefore concluded that an obstruction of justice enhancement was appropriate.

As a result of that sentence enhancement and Townsend's criminal history, the recommended guidelines range became 135 to 168 months imprisonment. The Court agreed with the government's argument that Townsend's criminal history category did not "appropriately reflect the seriousness of [Townsend's] criminal record" or "the likelihood of recidivism in this case." (App. at 100a-01a, 110a.) And the Court emphasized that, when imposing the original sentence it had "varied downward from the guidelines … to achieve a sentence in that case that balanced the very serious nature of

5

this drug trafficking offense, [Townsend's] criminal history, and the needs for just punishment, deterrence, and rehabilitation." (App. at 110a.) Additionally, because the Court had "discount[ed] … [Townsend's] career offender status," the fact that Townsend was "no longer considered a career offender" did not "change what [the Court] believe[d] to be the appropriate sentence in this case." (App. at 110a-111a.) It thus re-imposed the original sentence of 200 months.

Townsend appeals that sentence.

## II.    Discussion[2]

According to Townsend, the District Court erred when it granted the government's motion for a two-point enhancement for obstruction of justice. We review for clear error the District Court's factual determination that Townsend falsely testified under oath, *United States v. Napolitan*, 762 F.3d 297, 312 (3d Cir. 2014), and we review the decision to apply the sentencing enhancement for abuse of discretion. *United States v. Fumo*, 655 F.3d 288, 314 (3d Cir. 2011). The defense has two arguments. First, that the Court erred in considering Gaston's hearsay testimony, and second, that the Court did not sufficiently address each of the elements of perjury. We reject both.

As for Gaston's hearsay statements, it is well established that out-of-court statements may be relied upon during sentencing as long as they have "sufficient indicia of reliability." *United States v. Brothers*, 75 F.3d 845, 848 (3d Cir. 1996) (internal quotation marks and citation omitted). Here, there were sufficient indicia of reliability

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

and the Court did not err in crediting Gaston's remarks. Gaston spoke to the FBI as part of his "safety-valve" proffer pursuant to 18 U.S.C. § 3553(f). That provision allows a court to sentence a defendant without regard to statutory minimums, when certain conditions are met. In particular, the defendant must have "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or a common scheme or plan." *Id.*; *see also United States v. Sabir*, 117 F.3d 750, 751 (3d Cir. 1997) (describing the requirement of truthfulness). Satisfying the truthfulness element requires candor and openness. *Sabir*, 117 F.3d at 754; *see also United States v. Aidoo*, 670 F.3d 600, 607 (4th Cir. 2012) ("The defendant's burden under the safety valve is a true burden of proof that rests, at all times, on the defendant. To carry his burden, the defendant must persuade the district court that he has made full, truthful disclosure of information required by the safety valve."). Gaston therefore had a strong incentive to be forthright.

Furthermore, satisfying the truthfulness element does not depend on providing novel information that furthers an investigation or leads to another's conviction. 18 U.S.C. § 3553(f)(5) (noting that "the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement"). So, Gaston did not need to falsely implicate Townsend. Indeed, if his remarks were proven false, he would have been denied the benefits of the safety valve.

There were also other indicia of reliability that the District Court noted, such as Townsend's knowledge of Boyd's street name, his ability to recognize Boyd's voice, and

7

the familiarity with which he treated Boyd. In addition, the police had observed Boyd at Townsend's home on at least one other occasion. Townsend's familiarity with Boyd gave added credibility to Gaston's assertion that Townsend had cooked cocaine for Boyd before. Thus, the District Court could properly rely on Gaston's remarks.

In contrast, Townsend's remarks were highly self-serving because they reduced the likelihood that the jury would find him guilty of conspiracy to distribute cocaine – a tactic that bore fruit in the form of a hung jury and dismissal of the conspiracy charge. While there is some evidence cutting in favor of Townsend, such as Boyd not knowing Townsend's telephone number, the District Court did not clearly err in finding Gaston's account more credible.[3] Therefore, the Court did not err when it concluded that Townsend had perjured himself on the stand.

Townsend also obliquely attacks the District Court for not being sufficiently thorough in its analysis of the other elements of perjury. It is clearly "preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). But it is enough for a court to "make[] a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Id.* That was the case here, as the Court noted that Townsend's statements "were intentional misrepresentations on material matters and contrary to other evidence." (App. at 97a-98a.) The Court therefore did not

_____

[3] Townsend admitted to having sold cocaine for several years to numerous other individuals. That was consistent with Gaston's account that Townsend was known for his skill with cocaine manufacture and distribution.

abuse its discretion when it found that Townsend had committed perjury and applied the sentencing enhancement.

## III.   CONCLUSION

For the foregoing reasons, we will affirm the District Court's sentencing decision.