[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-12972-J
_____

IN RE: DATRIST MCCALL,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before MARCUS, WILSON and MARTIN, Circuit Judges.

BY THE PANEL:

Datrist McCall seeks to file a second or successive 28 U.S.C. § 2255 petition based on *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). McCall was sentenced pursuant to the United States Sentencing Guidelines (Guidelines). We have held that *Johnson* does not apply to the Guidelines for the purpose of permission to file a second or successive § 2255 petition. *See In re Griffin*, No. 16-12012 (11th Cir. May 25, 2016). McCall has therefore not made a prima facie showing that his proposed petition will meet § 2255(h)'s requirements for second or successive petitions. *See* 28 U.S.C. § 2244(b)(3)(D).

**APPLICATION DENIED.**

MARTIN, Circuit Judge, concurring:

Five years ago Datrist McCall pleaded guilty to possessing six rounds of ammunition. His sentence for this crime was calculated based on United States Sentencing Guideline § 4B1.2(a)(2), which sets a higher sentencing range for defendants who've previously been convicted of a crime that "involves conduct that presents a serious potential risk of physical injury to another." The Supreme Court held that these same 13 words in the Armed Career Criminal Act are unconstitutionally vague. See Johnson v. United States, __ U.S. __, 135 S. Ct. 2551 (2015). Because Mr. McCall had one Alabama conviction from over a decade earlier that met the § 4B1.2 definition (a crime he committed at age 16), his guideline range automatically became 84 to 105 months in prison. The sentencing judge imposed a sentence of 96 months in prison, right in the middle of that range. Without that one conviction (or without those 13 words), Mr. McCall's guidelines range would have been less than half the sentence imposed: 37 to 46 months. In other words, even if the judge had sentenced Mr. McCall at the very top of this lower range, his sentence would already have ended.

The government agrees that Johnson makes § 4B1.2(a)(2)'s identical language unconstitutional, at least on direct appeal. But our court ruled that it doesn't. See United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015). Last month this court extended Matchett further and held that prisoners can't even make

2

"a prima facie showing" that <u>Johnson</u> applies to the pre-<u>Booker</u> *mandatory* guidelines. 28 U.S.C. § 2244(b)(3)(C). <u>See</u> <u>In re Griffin</u>, __ F.3d __, 2016 WL 3002293 (11th Cir. May 25, 2016) (per curiam). I believe both <u>Matchett</u> and <u>Griffin</u> were wrongly decided. All eleven of the other courts of appeals have either held or assumed that <u>Johnson</u> makes the identical language in § 4B1.2(a)(2) unlawful.[1] And though no court of appeals has decided whether <u>Johnson</u> applies *retroactively* to either mandatory or advisory § 4B1.2(a)(2) sentences, at least eight have "certified" "a prima facie showing" that the Supreme Court "made [<u>Johnson</u>] retroactively applicable to [§ 4B1.2(a)(2)] cases on collateral review." 28 U.S.C. §§ 2244(b)(3)(C), 2255(h).[2] Our court alone insists that <u>Johnson</u> doesn't apply to those sentences even on direct appeal or even when a § 4B1.2(a)(2) sentence was mandated by the pre-<u>Booker</u> guidelines.[3]

---

[1] <u>See</u> <u>United States v. Soto-Rivera</u>, 811 F.3d 53 (1st Cir. 2016); <u>United States v. Welch</u>, __ F. App'x __, 2016 WL 536656 (2d Cir. Feb. 11, 2016); <u>United States v. Townsend</u>, __ Fed. Appx. __, 2015 WL 9311394 (3d Cir. Dec. 23, 2015); <u>United States v. Frazier</u>, 621 F. App'x 166 (4th Cir. 2015); Order, <u>United States v. Estrada</u>, No. 15-40264 (5th Cir. Oct. 27, 2015); <u>United States v. Pawlak</u>, __ F.3d. __, 2016 WL 2802723 (6th Cir. May 13, 2016); <u>Ramirez v. United States</u>, 799 F.3d 845 (7th Cir. 2015); <u>United States v. Taylor</u>, 803 F.3d 931 (8th Cir. 2015); <u>United States v. Benavides</u>, 617 F. App'x 790 (9th Cir. 2015); <u>United States v. Madrid</u>, 805 F.3d 1204 (10th Cir. 2015); Order, <u>In re Booker</u>, No. 16-3018 (D.C. Cir. June 10, 2016).

[2] <u>See</u> <u>In re Hubbard</u>, __ F.3d. __, 2016 WL 3181417 (4th Cir. June 8, 2016); Order, <u>In re Holston</u>, No. 16-50213 (5th Cir. May 17, 2016); Order, <u>In re Grant</u>, No. 15-5795 (6th Cir. Mar. 7, 2016); Order, <u>Swanson v. United States</u>, No. 15-2776 (7th Cir. Sept. 4, 2015); Judgment, <u>Rusan v. United States</u>, No. 15-2561 (8th Cir. June 2, 2016); Order, <u>Williams v. United States</u>, No. 16-70558 (9th Cir. June 1, 2016); <u>In re Encinias</u>, __ F.3d. __, 2016 WL 1719323 (10th Cir. Apr. 29, 2016); Order, <u>In re Booker</u>, No. 16-3018 (D.C. Cir. June 10, 2016).

[3] The full Eleventh Circuit also voted not to certify this question about the pre-<u>Booker</u> guidelines to the Supreme Court. <u>See</u> <u>In re Rivero</u>, No. 15-13089 (11th Cir. Feb. 16, 2016); <u>see</u>

3

Our court's outlier position on these issues is even more troubling because the statute of limitations for § 2255 motions based on Johnson may expire in the next few days. Of course, if the Supreme Court overrules Matchett, that new case could start a new one-year clock. If that happens, the dates of the one-year statute of limitations will turn in part on whether Johnson's voiding of the identical § 4B1.2(a)(2) language was "apparent to all reasonable jurists." Chaidez v. United States, __ U.S. __, __, 133 S. Ct. 1103, 1107 (2013) (quoting Lambrix v. Singletary, 520 U.S. 518, 527–528, 117 S. Ct. 1517, 1525 (1997)). Matchett shows that this rule wasn't apparent to at least *some* reasonable jurists. On the other hand, if we could grant Mr. McCall's application now, his § 2255 proceedings would begin and he would be assured the benefit of Johnson in the event that the Supreme Court takes up this court's rule from Matchett. Mr. McCall seemed to be aware of the issue, as his pro se application asked us to "hold this case in abeyance" in light of that possibility. A grant of his application would give him a shot at the relief he could have pursued had he been sentenced anywhere but in the Eleventh Circuit. Everywhere else, people serving sentences like Mr. McCall's are already getting a real review of their eligibility for relief.

---

also In re Rivero, 797 F.3d 986, 988 (11th Cir. 2015). Certification was one of the few ways that the Supreme Court could have heard this question, since most pre-Booker prisoners already filed a § 2255 motion years ago, and the "denial of an authorization by a court of appeals to file a second or successive [§ 2255 motion] shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

4

Our court has limited Johnson's reach in other ways as well. We were in the minority of courts that, from the beginning, said prisoners could not benefit from Johnson if they had already filed an earlier § 2255 motion. Then in the two months since Welch v. United States, __ U.S. __, 136 S. Ct. 1257 (2016), removed this obstacle, our court has denied hundreds of applications to file § 2255 motions based on Johnson by scrutinizing whether the applicant's proposed (in other words, *not yet filed*) motion will prevail on the merits. As I have written about in more detail, Congress did not authorize us to decide the merits of these cases in the first instance. See In re Saint Fleur, __ F.3d __, 2016 WL 3190539 (11th Cir. June 8, 2016) (Martin, J., concurring). At this early stage we are authorized only to "certif[y]" if the applicant made "a prima facie showing" that the proposed motion will "contain[] . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. §§ 2244(b)(3)(C), 2255(h).

Deciding anything more in this context is dangerous. We are expected to rule on these applications within 30 days of filing. Id. § 2244(b)(3)(D). Also, these orders are typically based on nothing more than a form filled out by a prisoner,[4] with no involvement from any lawyer. In lieu of submissions from

---

[4] The form gives prisoners very little space to explain their claims. See http://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/Form2255APP.pdf. And the first page warns: "DO NOT SUBMIT SEPARATE PETITIONS, MOTIONS, BRIEFS, ARGUMENTS, ETC." Id. "All applicants seeking leave to file a second or successive petition are required to use this form." Id.

lawyers, our court has been calling up each prisoner's record to analyze in the first instance how the prisoner's as-yet-unfiled motion will fare. In some of these cases, our inquiry has turned on facts that no district court ever found, such as whether a defendant committed every crime listed in his presentence investigation report in the manner alleged in that report. Some orders have even decided questions of first impression about how a state's courts interpret the elements of its own criminal statute. We have even suggested in a published opinion that judges have to ignore Supreme Court cases other than Johnson when adjudicating Johnson claims, even where those cases otherwise apply retroactively. See In re Hires, 16-12744, __ F.3d __ (11th Cir. June 15, 2016).[5] Again, all these decisions were made without briefing or argument from a lawyer, within a tight 30-day deadline and in a deluge of hundreds of applications. And many of these applications were denied by split panels.[6] Most troubling, these orders "shall not be appealable and shall not be the

---

[5] Hires may conflict with an opinion another panel issued earlier the same day. See In re Adams, No. 16-12519-J, 2016 WL 3269704 (11th Cir. June 15, 2016).

[6] See, e.g., In re Edwards, 16-12693 (11th Cir. June 16, 2016); In re Brown, 16-12557 (11th Cir. June 16, 2016); In re Carrasquillo, No. 16-12506 (11th Cir. June 16, 2016); In re Bell, No. 16-12532 (11th Cir. June 15, 2016); In re Parrish, No. 16-12652 (11th Cir. June 15, 2016); In re White, No. 16-12570 (11th Cir. June 15, 2016); In re Cruz, No. 16-12530 (11th Cir. June 15, 2016); In re Venta, No. 16-12698 (11th Cir. June 15, 2016); In re Creighton, No. 16-12580 (11th Cir. June 14, 2016); In re Martin, No. 16-12503 (11th Cir. June 14, 2016); In re Sawyer, No. 16-12501 (11th Cir. June 10, 2016); In re Austin, No 16-12699 (11th Cir. June 14, 2016); In re Mims, No. 16-12574 (11th Cir June 11, 2016); In re Parks, No. 16-12404 (11th Cir. June 8, 2016); In re Hudson, No. 16-12243 (11th Cir. June 8, 2016); In re Safeeullah, No. 16-12443 (11th Cir. June 9, 2016); In re Payne, No. 16-12290 (11th Cir. June 6, 2016); In re Knight, No. 16-12132 (11th Cir. June 3, 2016); In re Garner, No. 16-12109 (11th Cir. June 1, 2016); In re Little, No. 16-11979 (11th Cir. May 27, 2016); In re McKinney, No. 16-11948 (11th Cir. May

subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C.

§ 2244(b)(3)(E). Of course, when we grant an application, the prisoner can file his

motion, and it will then be subject to adversarial presentation and the normal

appeal process. But when we deny an application, that prisoner gets no further

consideration of his sentence.

Our court's massive effort to decide the merits of hundreds of habeas cases

within 30 days each, all over a span of just a few weeks, has been largely hidden

from public view. Very few of our orders in these cases are reported or posted on

the court's website, which means no lawyer is likely to see them. Also, this effort

sets our court apart. As shown in the orders from other courts of appeals I cited

here in footnote 2, other courts are not scrutinizing the merits of these cases at this

stage.[7] In other circuits, district courts will take the first look at the merits of a

motion, and the courts of appeals will step in as "a court of review, not of first

view." Decker v. Nw. Envtl. Def. Ctr., __ U.S. __, __, 133 S. Ct. 1326, 1335

(2013) (quotation omitted). This is as it should be. But in this circuit, hundreds of

§ 2255 motions have been denied before they were ever filed, without input from a

---

26, 2016); In re Turner, No. 16-11914 (11th Cir. May 25, 2016); In re Leonard, No. 16-11925
(11th Cir. May 24, 2016); In re Smith, No. 16-11901 (11th Cir. May 24, 2016); In re Simmons,
No. 16-11563 (11th Cir. May 4, 2016); In re Young, No. 16-11532 (11th Cir. Apr. 28, 2016).
These are just the cases that I am aware of.

[7] Since the orders in these cases are typically unpublished, I may be missing some. But I
am aware of no order from another court of appeals that combs through an applicant's
presentence investigation report to decide the merits of his yet-unfiled motion without ever
hearing from a lawyer. And our court has done this in hundreds of cases.

lawyer.  If even a single one of those orders was mistaken, then a prisoner has been doomed to serve an unlawful prison sentence, without possibility of further review.