Blow v. United States

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2015

(Submitted: July 11, 2016        Decided: July 14, 2016
                                 Amended: July 29, 2016)

Docket No. 16-1530
_____

MICHAEL A. BLOW,

*Petitioner*,

-- v. --

UNITED STATES OF AMERICA,

*Respondent*.

_____

Before:

KATZMANN, *Chief Judge*, WESLEY, and HALL, *Circuit Judges*.

_____

Michael Blow moves for leave to file a successive 28 U.S.C. § 2255 motion challenging his 2009 sentence for conspiracy to distribute cocaine base. Because we find that he has made a prima facie showing that his claim warrants relief, we GRANT his motion.

––––––––––––––––––––––––

Barclay T. Johnson, Research & Writing Attorney, Office of the Federal Public Defender, Burlington, Vermont, *for Petitioner.*

Gregory L. Waples, Assistant United States Attorney, *for* Eric S. Miller, United States Attorney for the District of Vermont, Burlington, Vermont, *for Respondent.*

––––––––––––––––––––––––

PER CURIAM:

Michael Blow pleaded guilty to one count of conspiring to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. The district court sentenced him to 130 months in prison due, in part, to the court's finding that Blow qualified as a career offender under United States Sentencing Guidelines Manual ("USSG") § 4B1.1. Section 4B1.1 enhances a defendant's offense level under the Guidelines if the defendant, *inter alia*, has at

least two previous convictions for a "crime of violence" or a "controlled substance offense." USSG § 4B1.1(a)(3). "Crime of violence" is defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id*. § 4B1.2(a) (emphasis added). The italicized portion of § 4B1.2(a)(2) is known as the "residual clause."

Blow, having previously challenged his conviction under 28 U.S.C. § 2255, now moves for leave to file a successive § 2255 motion. He argues that his § 4B1.1 sentence enhancement was rendered unconstitutional by *Johnson v. United States*, 135 S. Ct. 2551 (2015). In that case, the Supreme Court declared that the residual clause of the Armed Career Criminal Act ("ACCA"), found in 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. The ACCA provides for a 15-year mandatory minimum sentence for defendants convicted under 18 U.S.C. § 922(g) if they have three prior "violent felon[ies]" or "serious drug offense[s]." 18 U.S.C. § 924(e)(1). The ACCA's definition of "violent felony" contains a residual clause that is identical to the residual clause of § 4B1.2(a)(2). *See id.*

§ 924(e)(2)(B)(ii).  Blow claims that one of his two prior convictions that the district court found to be crimes of violence under USSG § 4B1.2(a)(2) was a Vermont conviction for aggravated domestic assault under 13 V.S.A. § 1043(a)(3). This conviction, he asserts, could only have qualified as a crime of violence under § 4B1.2(a)(2)'s residual clause, and is therefore no longer a valid basis for enhancement under § 4B1.1 after *Johnson*.  The Government opposes the motion on the grounds that *Johnson* is not retroactive to cases on collateral review challenging Guidelines sentencing range calculations.

This Court must deny leave to file a successive § 2255 claim unless, in relevant part, it "contain[s]" "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  This Court may authorize the filing of a successive § 2255 motion only if the movant has made a prima facie showing that the proposed motion satisfies the successive criteria.  28 U.S.C. § 2244(b)(3)(C); *see Bell v. United States*, 296 F.3d 127, 128 (2d Cir. 2002) (per curiam) (stating that the prima facie standard applies to § 2255(h) motions).  "A prima facie showing is not a particularly high standard.  An application need only show sufficient likelihood of satisfying the strict standards of § 2255 to 'warrant a fuller

4

exploration by the district court.'" *Bell*, 296 F.3d at 128 (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

The Supreme Court has held that *Johnson* announced a new rule of constitutional law that is retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). Furthermore, the statutory language that was found unconstitutionally vague in *Johnson* is identical to the language in § 4B1.2(a)(2) now challenged by Blow. However, there are conflicting decisions in other circuits as to the question of whether *Johnson* and *Welch* apply to Guidelines provisions. The Eleventh Circuit held, in a direct appeal involving a *Johnson*-based challenge to the § 4B1.2(a)(2) residual clause, that Guidelines provisions cannot be attacked as unconstitutionally vague. *United States v. Matchett*, 802 F.3d 1185, 1196 (11th Cir. 2015). But other circuits have rejected that conclusion. *See United States v. Madrid*, 805 F.3d 1204, 1212 n.10 (6th Cir. 2015); *United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015); *United States v. Townsend*, 638 Fed. App'x 172, 178 n.14 (3d Cir. 2015) (unpublished).

The Supreme Court recently granted certiorari in another Eleventh Circuit case to determine, *inter alia*, the precise question at issue here—whether *Johnson* applies retroactively to § 4B1.2(a)(2)'s residual clause. *See Beckles v. United States*,

No. 15-8544, 2016 WL 1029080 (U.S. Jun. 27, 2016). The Eleventh Circuit in *Beckles* affirmed the denial of a § 2255 motion challenging the § 4B1.2(a)(2) residual clause based on *Johnson* partially on the grounds that the opinion in *Johnson* does not purport to affect anything other than the ACCA's residual clause. *Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2015) (per curiam) (unpublished). But the Fourth Circuit recently decided, contrary to the Eleventh Circuit, to grant a motion to file a successive § 2255 motion raising the same issue, concluding, in part, that *Johnson* announced a substantive rule that shortened the reach of USSG § 4B1.2(a)(2), and the decision's effect was thus retroactive under *Welch*. *In re Hubbard*, No. 15-276, 2016 WL 3181417, at *3–6 (4th Cir. Jun. 8, 2016).

In sum, there is substantial disagreement among other circuits on the question on which the Supreme Court has granted certiorari in *Beckles*. On consideration, we conclude that Blow has made a prima facie showing that his claim satisfies § 2255(h) and warrants fuller exploration by the district court. Accordingly, IT IS ORDERED that the motion is GRANTED, and the case is transferred to the district court pursuant to 28 U.S.C. § 1631. However, because the Supreme Court will likely decide in *Beckles* whether *Johnson* applies retroactively to the Guidelines, the district court is instructed to hold Blow's

§ 2255 motion in abeyance pending the outcome of *Beckles*. The district court is free to consider termination of the stay, on motion or sua sponte.