RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 16a0177p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

In re: ALFORD D. EMBRY,

*Movant.*

No. 16-5447

On Motion to Authorize the Filing of a Second or
Successive Application for Habeas Corpus Relief.
No. 1:01-cv-00227—Curtis L. Collier, District Judge.

Decided and Filed: July 29, 2016

Before: KEITH, ROGERS, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ON RESPONSE**: Debra A. Breneman, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Respondent. **ON REPLY:** Erin P. Rust, FEDERAL DEFENDER SERVICES, Chattanooga, Tennessee, for Movant. **ON MOTION:** Alford D. Embry, Jr., Welch, West Virginia, pro se.

_____

## OPINION

_____

SUTTON, Circuit Judge. Alford Embry seeks leave to file a successive motion to vacate or lower his sentence. *See* 28 U.S.C. § 2255. Invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015), which voided for vagueness the residual clause of a sentencing statute (the Armed Career Criminal Act), he claims a right to relief because the district court treated him as a career offender under an identically worded clause of the Sentencing Guidelines (U.S.S.G. § 4B1.2(a)(2)). In one sense, there is something to be said for his request. For *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), extended *Johnson* to invalidate the Sentencing Guidelines' residual clause. But in another sense, there are some things that cut against his

1

request.  For the right to bring a successive § 2255 motion does not turn on circuit authority alone.  To bring a successive § 2255 motion (or for that matter a successive § 2254 habeas petition), an inmate must rely on a "new rule" "made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2255(h)(2).  The Supreme Court, however, has not yet determined whether *Johnson* also dooms the Guidelines' residual clause, and there are respectable constitutional arguments that the vagueness doctrine does not apply to the advisory Guidelines.  The Supreme Court has agreed to resolve the point next Term in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (Mem.).  In the interim, it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive or as a rule dictated by *Johnson* that the Supreme Court has made retroactive.

Now is not the time to decide that question, and this is not the venue for resolving it. Embry need only make a "prima facie" showing of an entitlement to relief, 28 U.S.C. § 2244(b)(3)(C), and the district court is free to decide for itself whether Embry's claim relies on a new rule made retroactive by the Supreme Court, s*ee* 28 U.S.C. § 2244(b)(4).  The outcome of *Beckles*, one hopes, will make all of this a lot easier.  We therefore grant the motion and transfer the case to the district court, to be held in abeyance pending the Supreme Court's decision in *Beckles v. United States*.

In 2000, Embry pled guilty to three counts of bank robbery, three counts of being a felon in possession of a firearm, and a single count of using a firearm in relation to a crime of violence. *See* 18 U.S.C. §§ 2113(a), 922(g), 924(c).  In calculating his sentencing range under the Guidelines, the court treated him as a career offender based on prior convictions for robbery and wanton endangerment, and increased his advisory sentencing range (and eventually his actual sentence) accordingly.  *See* U.S.S.G. § 4B1.1.  In 2016, he filed this motion to vacate his sentence, which the district court transferred to this court for permission (or not) to proceed. 28 U.S.C. § 2244(b)(3).

The court of appeals may authorize a successive motion to vacate a sentence or conviction if the inmate "makes a prima facie showing" that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. §§ 2244(b)(3)(C), 2255(h)(2).  In *Johnson,* the

Supreme Court announced a new rule of constitutional law that the Court eventually made retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

In *Pawlak*, our court held that the Guidelines' residual clause is also unconstitutionally vague. 822 F.3d at 911. At stake is whether *Pawlak* applied the "new rule" announced in *Johnson* or recognized a "new rule" of its own. If *Pawlak* merely applied the *Johnson* rule, Embry has shown that his claim relies on a new rule that the Supreme Court has made retroactive on collateral review. But if the *Pawlak* rule is distinct from the *Johnson* rule, Embry has a problem because the Supreme Court has not yet recognized this rule or made it retroactive.

What, then, is a "new rule"? 28 U.S.C. § 2255(h)(2). One that is "not *dictated* by precedent," says *Teague v. Lane*, 489 U.S. 288, 301 (1989). A rule is not dictated by precedent, another case says, unless it is "apparent to all reasonable jurists." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quotation omitted). Our decision in *Pawlak* thus amounts to a "new rule" unless "all reasonable jurists" would adopt the rule based on existing precedent. At the same time, we are mindful that "a case does *not* announce a new rule, when it is merely an application of the principle that governed a prior decision to a different set of facts." *Id.* (quotation omitted).

The inquiry is not an easy one. The Fifth and Eighth Circuits have concluded that *Johnson* does not dictate the invalidation of the Guidelines' residual clause, and have denied motions like Embry's. *In re Arnick*, No. 16-10328, 2016 WL 3383487, at *1 (5th Cir. June 17, 2016) (per curiam); *Donnell v. United States*, No. 15-2581, 2016 WL 3383831, at *2 (8th Cir. June 20, 2016). The Second, Fourth, and Tenth Circuits have gone the other way. *Blow v. United States*, No. 16-1530, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016) (per curiam); *In re Hubbard*, No. 15-276, 2016 WL 3181417, at *6–7 (4th Cir. June 8, 2016); *In re Encinias*, 821 F.3d 1224, 1226 (10th Cir. 2016) (per curiam). Making matters more complicated, the Eleventh Circuit disagrees with *Pawlak* across the board, and has held that the vagueness doctrine does not apply to the Guidelines, which create recommended sentencing ranges, not required sentencing ranges. *United States v. Matchett*, 802 F.3d 1185, 1193–96 (11th Cir. 2015).

When it comes to deciding whether Embry has made a prima facie showing of a right to relief, there are two sides to this debate, each with something to recommend it.

*On the one hand*: there is much to support the idea that *Pawlak* is a new rule. What was true in *Johnson* for the residual clause of the Armed Career Criminal Act was not obviously true in *Pawlak* for the residual clause of the Sentencing Guidelines. Before a court could invoke *Johnson* to invalidate the residual clause of the Guidelines, it would have to resolve a threshold question: Do the due process concerns about notice and arbitrary enforcement that undergird the prohibition on vague criminal statutes, *see Johnson*, 135 S. Ct. at 2556–57, apply to the advisory Sentencing Guidelines?

The answer to this gateway question is not self-evident. Yes, many of the courts that have confronted the issue, including ours in *Pawlak*, have permitted vagueness challenges to the Guidelines' residual clause in the wake of *Johnson*, often (it bears noting) because the government has conceded the point. *See Pawlak*, 822 F.3d at 907; *United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015) (permitting a vagueness challenge to the Guidelines); *United States v. Townsend*, 638 F. App'x 172, 177–78 & n.14 (3d Cir. 2015) (accepting the government's concession); *United States v. Welch*, No. 12-4402, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016) (per curiam) (same). But respected courts and jurists disagree. *See Matchett*, 802 F.3d at 1193–96 (holding that advisory guidelines are not susceptible to vagueness challenges); *cf. United States v. Taylor*, 803 F.3d 931, 933–35 (8th Cir. 2015) (Colloton, J., dissenting) (arguing the same); *United States v. Lee*, 821 F.3d 1124, 1133–35 (9th Cir. 2016) (Ikuta, J., dissenting) (same).

In rejecting a vagueness challenge to the Guidelines' residual clause, the Eleventh Circuit held that "[b]ecause there is no constitutional right to . . . a less discretionary application of sentences than that permitted prior to the Guidelines . . . the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *Matchett*, 802 F.3d at 1194–95 (quotation omitted). The Seventh Circuit said something similar in reaching the same conclusion prior to *Johnson*: "The vagueness doctrine is concerned with providing fair notice and preventing arbitrary enforcement. Since the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will

impose." *United States v. Tichenor*, 683 F.3d 358, 365 (7th Cir. 2012). A distinction between the application of the vagueness doctrine to mandatory sentencing increases and to advisory sentencing increases is a reasonable one, as confirmed by the many jurists who have adopted it. Among those many jurists, we should add, are three judges from our own court, reasonable all, who embraced that same distinction before *Pawlak*. *See United States v. Smith*, 73 F.3d 1414, 1417–18 (6th Cir. 1996).

The *Pawlak* court, it is true, reasoned that *Peugh v. United States*, 133 S. Ct. 2072 (2013), undermined this distinction because it held that the Ex Post Facto Clause prevented a court from applying a Guidelines amendment that increased the sentencing range for bank fraud to a defendant whose alleged crime took place before the amendment was enacted. *Pawlak*, 822 F.3d at 905–07. The court read *Peugh* to "reflect[] the [Supreme] Court's judgment that the Guidelines are subject to constitutional challenges because the Guidelines are the mandatory starting point for sentencing determinations," and found that there was no longer any basis for immunizing the Guidelines from vagueness challenges. *Id.* at 906–07.

Reasonable though *Pawlak* may be and binding in this circuit as it is, that does not mean *Johnson* and *Peugh* dictated it. The Eleventh Circuit read *Peugh* more narrowly, and reasoned that, while the Ex Post Facto Clause applies to the Guidelines because they "present[] a sufficient risk of increasing the measure of punishment attached to the covered crimes," *Peugh*, 133 S. Ct. at 2082 (quotation omitted), that does not establish that the due process concerns about notice apply with equal force to advisory guidelines. *Matchett*, 802 F.3d at 1193–96. For good measure, the Eleventh Circuit cited a Supreme Court decision of its own, *Irizarry v. United States*, 553 U.S. 708 (2008), which it read to bar all due process challenges to the Guidelines. *Matchett*, 802 F.3d at 1194. The *Pawlak* court, for its part, read *Irizarry* more narrowly. 822 F.3d at 909–10. No matter which reading of *Peugh* and *Irizarry* is best, ours is not the only defensible one.

One other consideration supports the idea that *Pawlak* turns on a new rule that the Supreme Court has not yet made retroactive. Under AEDPA's statute of limitations, a claimant must file a motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). If we are not careful about how we

construe new rules under § 2255(h)(2), we run the risk of permitting successive motions that are barred under the statute of limitations in § 2255(f)(3). It helps no one, as the Eighth Circuit pointed out, if we "authorize the filing of successive motions that are routinely barred by the statute of limitations." *Donnell*, 2016 WL 3383831, at *2. Consider this case. If we construe the *Johnson* rule broadly and treat *Pawlak* as a dictated application of it, then the statute of limitations for bringing claims based on *Johnson* expired on June 26, 2016, one year after *Johnson*. That's because § 2255's statute of limitations runs from the date of the decision recognizing the right asserted. *Dodd v. United States*, 545 U.S. 353, 357, 359 (2005) (noting that the one-year limitations period applies to initial and second or successive motions brought under § 2255). And that would mean no more successive motions could be brought on *Johnson*-related claims after that date.

How strange. The Supreme Court has not yet decided whether our decision in *Pawlak* is correct. That will happen next Term in *Beckles v. United States*, when the Court will decide whether the Guidelines' residual clause is unconstitutionally vague, and, if so, whether that holding applies retroactively. If Embry's petition rests on the *Johnson* rule, it is possible that the Court's potential invalidation of the residual clause would come too late in our court. Prisoners unaware of the possibility of challenging their Guidelines sentences until after the Supreme Court invalidated the residual clause would be out of luck, at least if the Supreme Court did not also make clear in *Beckles* that it was announcing a new constitutional rule, distinct from *Johnson*.

If pressed to decide the question now, we would lean in favor of saying that *Pawlak* is more than the sum of its parts: It breaks new ground by holding that the advisory Guidelines are susceptible to vagueness challenges. As such, it rests on a new rule of constitutional law that the Supreme Court has not recognized, much less made retroactive on collateral review.

*On the other hand*: there are several reasons to hold off on making that decision now, and they ultimately carry the day. The standard of review for granting a motion to authorize a successive petition is not a stiff one. Embry needs only to make a "prima facie showing" that his claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2244(b)(3)(C). That is "not a difficult standard to meet." *In re*

*Lott*, 366 F.3d 431, 432 (6th Cir. 2004). And there is a fair-minded argument that *Johnson* requires the invalidation of the Guidelines' residual clause.

Not only is the standard for assessing Embry's motion light, but the setting for reviewing it counsels against making more law than necessary. A denial of a motion to authorize a successive petition is unreviewable—not by the en banc court, not by the Supreme Court. 28 U.S.C. § 2244(b)(3)(E). By granting such a motion, even many such motions (roughly 1700 *Johnson* motions have been filed in our circuit), we decide nothing with finality. The habeas statute permits the district court to determine for itself whether the petitioner has met the gatekeeping requirements of § 2255(h). *See* 28 U.S.C. § 2244(b)(4). Congress has also asked us to make these decisions quickly, ideally within 30 days of a motion's filing and often with little if any briefing. 28 U.S.C. § 2244(b)(3)(D); *see In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997). All features of this setting considered, it makes sense to leave the district court free to decide whether the holding in *Pawlak* is a new rule or not.

By holding off on deciding whether *Pawlak* announces a new rule, we also leave open whether AEDPA's time bar applies to successive petitions filed after June 26, 2016. Because we do not usually enforce statutes of limitations when we consider motions to authorize a successive petition, *see In re McDonald*, 514 F.3d 539, 543 (6th Cir. 2008), it is likely that we will treat post-June 26 motions the same way we have been treating pre-June 26 motions: granting the motions and transferring the cases to the district courts.

The Supreme Court's recent decision to review *Beckles* also supports this approach. Before long, we should have answers to the pertinent questions: Does the vagueness doctrine apply to the advisory Sentencing Guidelines? If so, is that a new rule or one dictated by *Johnson*, and does the decision apply retroactively*?* Through it all, does the Court's decision resolve, or help to resolve, the lurking statute of limitations question? With so much in play, the most important question may be a practical one: Where to set the queue for all of the "*Johnson*" motions that target sentences affected by the residual clause of the Sentencing Guidelines, U.S.S.G. § 4B1.2(a)(2)? In the court of appeals? In the district courts? Or in the offices of public defenders and the defense lawyers by rejecting the motions now? All things considered, it makes the most sense to grant the gatekeeping motions, send the cases to the district courts, and

ask the district courts to hold the cases in abeyance pending the Supreme Court's decision in *Beckles*. After the Supreme Court resolves some or (hope springs eternal) all of these questions, the district courts will be well positioned to handle these cases fairly and efficiently.

For these reasons, the motion is granted, and the case is transferred to the district court to be held in abeyance pending the Supreme Court's decision in *Beckles v. United States*.