**IN RE: Antonio D. PATRICK, Movant.**

No. 16-5353

United States Court of Appeals, Sixth Circuit.

Decided and Filed: August 12, 2016

ON MOTION AND REPLY: Ross A. Sampson, Office of the Federal Public Defender, Memphis, Tennessee, for Movant. ON RESPONSE: Kasey A. Weiland, United States Attorney"s Office, Memphis, Tennessee, for Respondent.

Before: COLE, Chief Judge; SILER and STRANCH, Circuit Judges.

## OPINION

STRANCH, Circuit Judge.

Antonio D. Patrick, a federal prisoner, moves for an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). For the reasons that follow, we **GRANT** authorization to file a second or successive § 2255 petition.

## I.  BACKGROUND

In 2002, Patrick pleaded guilty to possession with intent to distribute and distribution of cocaine and cocaine base. The district court determined that he qualified as a career offender under the then-mandatory Guidelines based on his prior Tennessee convictions for a controlled substance offense, reckless aggravated assault, and evading arrest, and it sentenced him to 262 months' imprisonment. The district court denied Patrick's first § 2255 motion, and this court denied his application for a certificate of appealability. In 2010, Patrick filed a 28 U.S.C. § 2241 petition, arguing that his conviction for reckless aggravated assault no longer qualified as a crime of violence under *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and our decision in *United States v. Baker*, 559 F.3d 443 (6th Cir. 2009). The district court denied the petition, and we affirmed. Patrick now seeks permission to file a second or successive § 2255 petition.

## II.  LEGAL STANDARD

■ We may authorize the filing of a second or successive § 2255 motion only when the applicant makes a prima facie showing that his proposed claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h)(2). "A prima facie showing, in this context, simply requires that the applicant make a showing of possible merit sufficient to 'warrant a fuller exploration by the district court.'" *In re Watkins*, 810 F.3d 375, 379 (6th Cir. 2015) (quoting *In re Lott*, 366 F.3d 431, 432–33 (6th Cir. 2004)).

## III.  ANALYSIS

In *Johnson v. United States*, the Supreme Court invalidated the residual

clause of the Armed Career Criminal Act (ACCA) as unconstitutionally vague under the Due Process Clause of the Fifth Amendment. — U.S. ——, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015). Under the ACCA, a defendant who "has three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" is subject to a "prison term [of] a minimum of 15 years and a maximum of life." *Id.* at 2555 (quoting 18 U.S.C. § 924(e)(1)). The ACCA's now-invalidated residual clause defined "violent felony" as including any crime punishable by more than one year in prison and that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Applying the void-for-vagueness doctrine, the Supreme Court concluded that the ACCA's residual clause failed to provide "fair notice to defendants" and "invite[d] arbitrary enforcement by judges," denying due process of law to a defendant whose sentence is increased under the clause. *Johnson,* 135 S.Ct. at 2557.

Relying on *Johnson*'s invalidation of the ACCA's residual clause, Patrick asserts that he is entitled to resentencing because he was designated a career offender based on an identically worded and interpreted residual clause in the United States Sentencing Guidelines. *See* United States Sentencing Commission, *Guidelines Manual,* § 4B1.2(a)(2). We have determined, on direct review, that *Johnson* compels invalidation of the Guidelines' residual clause as unconstitutionally vague. *United States v. Pawlak,* 822 F.3d 902, 903 (6th Cir. 2016). And the Supreme Court has held that *Johnson* announced a new, "substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States,* — U.S. ——, 136 S.Ct. 1257, 1268, 194 L.Ed.2d 387 (2016); *see also In re Watkins,* 810 F.3d at 384. The Government agrees, moreover, that two of the predicate offenses for Patrick's career offender designation—reckless aggravated assault and evading arrest—were counted under the residual clause of the Guidelines and would no longer qualify as crimes of violence if he had been sentenced post-*Johnson.*

■■■ The Government argues, however, that Patrick's motion should be denied because, as applied to the Guidelines, the rule announced in *Johnson* is procedural, rather than substantive, and thus does not apply retroactively on collateral review. New procedural rules, unlike new substantive rules, generally do not apply retroactively unless they qualify as a "watershed rule[ ] of criminal procedure" by "implicating the fundamental fairness and accuracy of the criminal proceeding." *See Schriro v. Summerlin,* 542 U.S. 348, 351–52, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (citation omitted); *see also Teague v. Lane,* 489 U.S. 288, 310–12, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes" by, for example, "narrow[ing] the scope of a criminal statute by interpreting its terms" or "plac[ing] particular conduct or persons covered by the statute beyond the State's power to punish." *Welch,* 136 S.Ct. at 1264–65 (quoting *Schriro,* 542 U.S. at 351–52, 353, 124 S.Ct. 2519). Procedural rules, by contrast, "regulate only the *manner of determining* the defendant's culpability" and alter "the range of permissible methods for determining whether a defendant's conduct is punishable. They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Id.* at 1265 (citation omitted) (quoting *Schriro,* 542 U.S. at 352–53, 124 S.Ct. 2519).

■ Many of the Government's claims are answered by the Supreme Court in Welch and our subsequent published opinion in Pawlak. In Welch, the Supreme Court held that, "[u]nder this framework, the rule announced in Johnson is substantive" and "not a procedural decision." Id. Johnson is substantive, the Court explained, because it "changed the substantive reach of [the ACCA], altering the range of conduct or the class of persons that the [Act] punishes":

> Before Johnson, the Act applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. An offender in that situation faced 15 years to life in prison. After Johnson, the same person engaging in the same conduct is no longer subject to the Act and faces at most 10 years in prison. The residual clause is invalid under Johnson, so it can no longer mandate or authorize any sentence. Johnson establishes, in other words, that even the use of impeccable factfinding procedures could not legitimate a sentence based on that clause.

Id. (second alteration in original) (citations and quotation marks omitted). And Johnson is not procedural because it "had nothing to do with the range of permissible methods a court might use to determine whether a defendant should be sentenced under" the ACCA by, for example, "allocat[ing] decisionmaking authority between judge and jury" or "regulat[ing] the evidence that the court could consider in making its decision." Id. (citations and quotation marks omitted).

Just after Welch was issued, we held in Pawlak that Johnson compels invalidation of the Guidelines' residual clause. 822 F.3d at 903. Because the two residual clauses are identical, we noted, "the only reason Johnson would not compel the same result

[for the Guidelines] is if the Guidelines were immune from vagueness challenges." Id. at 905. Thoroughly examining Supreme Court precedent, we found that "the Guidelines, whether mandatory or advisory, have always been subject to some constitutional limitations," and thus there is "no legal basis for concluding that the Guidelines are uniquely immune to vagueness challenges." Id. at 907 (emphasis added). And given the function and substantial effect of the Guidelines, particularly "the Supreme Court's emphasis on the role of the Guidelines as the legal framework of sentencing, it would be incongruous for us to conclude that the constitutional concerns of notice and arbitrary enforcement" found in Johnson are not triggered by the Guidelines. Id. Therefore, we concluded, "Johnson's rationale applies with equal force to the Guidelines' residual clause." Id.

Patrick argues that his entitlement to relief under § 2255 is grounded in both Johnson and Welch. Other circuits have been faced with the same underlying question here: whether Johnson's application to the Guidelines is retroactive. The Fourth Circuit, with the benefit of the Supreme Court's guidance in Welch, held that Johnson is retroactive as applied to the Guidelines. See In re Hubbard, 825 F.3d 225 (4th Cir. 2016). Many other circuit panels, from the Second, Fifth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits, have authorized a second or successive petition, finding a prima facie showing that Johnson applies retroactively to the Guidelines. In re McCall, 826 F.3d 1308, 1310, No. 16–12972–J, 2016 WL 3382006, at *1 n.2 (11th Cir. June 17, 2016) (Martin, J., concurring) (compiling cases); see, e.g., In re Encinias, 821 F.3d 1224 (10th Cir. 2016); Blow v. United States, 829 F.3d 170, No. 16–1530, 2016 WL 3769712 (2d Cir. July 14, 2016).

In the instant case, as in *Hubbard*, the Government asserts that *Johnson*'s application to the Guidelines is procedural because, unlike application to the ACCA, "(1) it does not change the range of legally permissible outcomes (which are limited by statutory minimums and maximums) and (2) errors in calculating a defendant's advisory guidelines range have been characterized as procedural by the Supreme Court." *Hubbard*, 2016 WL 3181417, at *6. We are compelled by controlling precedent in *Welch* and *Pawlak* to agree with the Fourth Circuit that "[n]either argument is convincing." *Id.* Individual circuit panels finding otherwise rely on their own precedent and are at odds with the reasoning and conclusion of our binding precedent, *Pawlak. See, e.g., In re Griffin*, 823 F.3d 1350 (11th Cir. 2016) (also doubting whether *Johnson* applies to the Guidelines at all, in part based on the Guidelines' advisory nature); *In re Arnick*, 826 F.3d 787, No. 16–10328, 2016 WL 3383487 (5th Cir. June 17, 2016) (same); *Donnell v. United States*, 826 F.3d 1014, No. 15–2581, 2016 WL 3383831 (8th Cir. June 20, 2016).

As *Hubbard* accurately reasons, "*Welch* declared unequivocally that *Johnson* was 'a substantive decision and so has retroactive effect under *Teague* in cases on collateral review.'" *Hubbard*, 2016 WL 3181417, at *6 (quoting *Welch*, 136 S.Ct. at 1265). Both here and in *Hubbard*, the Government cites no support for the proposition that the same rule may be substantive and retroactive in one context but procedural and not retroactive in another. *Id.* Moreover, *Hubbard* explains that retroactive rules "must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings." *Id.* (quoting *Danforth v. Minnesota*, 552 U.S. 264, 266, 128 S.Ct. 1029, 169 L.Ed.2d 859 (2008)).

The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive applies equally to the Guidelines. *Johnson* held a statutory provision of the ACCA unconstitutional, and now that provision may not be used to enhance a sentence. Striking the Guidelines' residual clause, just like striking the ACCA's residual clause, would "change[] the substantive reach" of the Guidelines by "altering the range of conduct or the class of persons that the [Guidelines] punish[]." *Welch*, 136 S.Ct. at 1265 (quotation marks omitted) (quoting *Schriro*, 542 U.S. at 353, 124 S.Ct. 2519). As applied to the Guidelines, *Johnson* substantively changes the conduct by which federal courts may enhance the sentence of a defendant. "[S]ome crimes will no longer fit the Sentencing Guidelines' definition of a crime of violence," explains *Hubbard*, "and will therefore be incapable of resulting in a career-offender sentencing enhancement." 2016 WL 3181417, at *7. Although a defendant "may still be subject to the same statutory range of punishments" through provisions of the Guidelines other than the residual clause, "even the use of impeccable factfinding procedures could not legitimate a sentence based on that clause." *Id.* (quotation marks omitted) (quoting *Welch*, 136 S.Ct. at 1265); *cf. In re Watkins*, 810 F.3d at 383 (finding irrelevant to retroactivity analysis Congress's discretion to amend the ACCA to encompass predicate offenses that previously only fell within the residual clause and instead focusing on fact that *Johnson* prohibits sentencing enhancement under the ACCA's residual clause). "It follows that *Johnson* is a substantive decision." *Welch*, 136 S.Ct. at 1265.

Employing the same logic, "*Johnson* is not a procedural decision" as applied to the Guidelines. *Hubbard*, 2016 WL 3181417, at *7 (quoting *Welch*, 136 S.Ct. at 1265). Invalidation of the Guidelines' residual clause has "nothing to do with the range of per-

missible methods a court might use to determine whether a defendant should be sentenced" as a career offender, and *Johnson*'s application to the Guidelines does not "allocate decisionmaking authority between judge and jury, or regulate the evidence that the court could consider in making its decision." *Id.* (quoting *Welch*, 136 S.Ct. at 1265).

· With regard to the Government's argument that the Supreme Court has characterized the Guidelines' as procedural, the Court also has described the Guidelines as "the substantive 'formula' used to calculate the applicable sentencing range." *Peugh v. United States,* —— U.S. ——, 133 S.Ct. 2072, 2088, 186 L.Ed.2d 84 (2013) (quoting *Cal. Dep't of Corr. v. Morales,* 514 U.S. 499, 505, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)). The Government additionally emphasizes that the Guidelines are discretionary. At the time Patrick was sentenced, however, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), had not yet been decided and the Guidelines were mandatory. Moreover, while a sentencing court does retain some discretion post-*Booker,* we must follow *Pawlak* in concluding that the discretionary nature of the Guidelines is inconsequential because they nonetheless are "the lodestone of sentencing" and have "considerable influence." 822 F.3d at 905 (quoting *Peugh,* 133 S.Ct. at 2084). District courts have no discretion to forgo calculation and consideration of a defendant's Guidelines' range before imposing a sentence, as they *"must* begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process" to avoid reversal. *Id.* (quoting *Peugh,* 133 S.Ct. at 2083); *see* 18 U.S.C. § 3553(a)(4). "Even if the sentencing judge sees a reason to vary from the Guidelines, 'if the judge uses the sentencing range as the beginning point to explain the decision to deviate from it, *then the Guidelines are in a real sense the*

*basis for the sentence.'"* *Id.* at 906 (quoting *Peugh,* 133 S.Ct. at 2083). The Guidelines accordingly have a "real and pervasive" and only "quasi-advisory" effect on sentencing, "bringing them closer to a statute which fixes sentences than a sort of suggested opinion." *Id.* (quoting *Molina–Martinez v. United States,* —— U.S. ——, 136 S.Ct. 1338, 1345–46, 194 L.Ed.2d 444 (2016); *United States v. Litzy,* 137 F.Supp.3d 920, 932 (S.D. W. Va. 2015)). As the Supreme Court recently stated, "when a Guidelines range moves up or down, offenders' sentences move with it." *Peugh,* 133 S.Ct. at 2084. Thus, "that the Guidelines are not mandatory is a distinction without a difference." *Pawlak,* 822 F.3d at 907.

## IV.   CONCLUSION

The immediate issue here is whether Patrick has made a prima facie showing authorizing a second or successive § 2255 motion. For the reasons stated above, we hold that Patrick's arguments easily satisfy that standard. There is one important caveat. The decision before us is framed by the Supreme Court's recent, second grant of certiorari in an Eleventh Circuit panel decision that found *Johnson* inapplicable to the Sentencing Guidelines. *See Beckles v. United States,* —— U.S. ——, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016) (Mem.). That decision will presumably resolve the questions related to retroactive application of a new rule of constitutional law regarding the Guidelines—whether created by *Johnson* or by *Beckles* itself—to cases such as Patrick's. In light of the pending resolution in *Beckles,* another panel of this court held that the most appropriate procedure is to transfer these cases to the district court with instructions to hold them in abeyance pending the Supreme Court's decision. *See In re Embry,* 831 F.3d 377, 381–82, No.

16–5447, 2016 WL 4056056, at *4 (6th Cir. July 29, 2016).

Accordingly, we **GRANT** Patrick's motion to file a second or successive § 2255 petition and **TRANSFER** the case to the United States District Court for Western District of Tennessee to be held in abeyance pending the Supreme Court's decision in *Beckles*. Patrick's motion to expedite is denied as moot.