NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0661n.06

No. 16-3332

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| TERON K. HARRIS, | ) | |
| | ) | **FILED** |
| Petitioner-Appellant, | ) | Dec 08, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| UNITED STATES OF AMERICA, | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE:    DAUGHTREY, CLAY, and COOK, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge.   With its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court effected a sea change in the realm of criminal sentencing.  By holding that the so-called "residual clause" of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague, the Court afforded many incarcerated individuals an opportunity to reduce lengthy prison sentences imposed under that provision.  Because petitioner Teron Harris's pre-*Johnson* sentence for being a felon in possession of a firearm also was enhanced by application of residual-clause language identical to that found in the ACCA, Harris subsequently filed a motion pursuant to 28 U.S.C. § 2255 seeking the relief available in the post-*Johnson* landscape.  However, the district court denied the motion to vacate Harris's 60-month prison sentence, and Harris now appeals that determination.  In recognition of pending litigation in the Supreme Court, we hold Harris's

appeal in abeyance and take this opportunity to explain the rationale for our course of action in this matter.

## FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, judgment was entered on Harris's plea of guilty to a charge of possessing a firearm following convictions in Ohio state courts of burglary in the fourth degree and assault in the fourth degree—offenses that carried punishments of imprisonment for more than one year. The presentence investigation report prepared by the U.S. Probation Office recommended that Harris's base offense level be set at 24, pursuant to the provisions of § 2K2.1(a)(2) of the United States Sentencing Guidelines, because Harris's unlawful possession of a firearm occurred "subsequent to sustaining at least two felony convictions of . . . a crime of violence."[1]

Various adjustments to Harris's base offense level, as well as consideration of his prior criminal record, ultimately resulted in an advisory Guidelines sentencing range of 84-105 months' imprisonment. The district court varied downward from that range, however, and imposed a prison sentence of 60 months. Harris chose not to appeal either his conviction or his sentence.

More than a year later, on June 26, 2015, the Supreme Court released its opinion in *Johnson*, declaring unconstitutional the residual clause of the ACCA's definition of a "violent felony," a clause with language identical to that defining a "crime of violence" for purposes of the Guidelines' career-offender provision, USSG § 4B1.1, and the crime-of-violence enhancement in USSG § 2K2.1(a). In light of that ruling, in February 2016 Harris filed a *pro se*

---

[1] At the time of Harris's sentencing, the Guidelines defined a "crime of violence"—both for purposes of enhancing firearm sentences under § 2K2.1(a) and for sentencing individuals as career offenders—as including any criminal act that "otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2); USSG § 2K2.1, comment. (n.1).

motion to vacate, set aside, or correct the sentence previously imposed upon him, pursuant to 28 U.S.C. § 2255. Because that motion did not identify grounds for relief, the district court appointed counsel for Harris and permitted the filing of an amended motion to vacate sentence. In the amended filing, Harris argued that *Johnson* should be applied retroactively to his case and, as a result, that neither of his two prior state-court convictions could serve as predicates for enhancing the base offense level for his felon-in-possession conviction.

The district court denied the motion, pointing out what the court viewed as a critical distinction between the situations presented in *Johnson* and in Harris's case. As the district court explained, *Johnson* involved an ACCA enhancement that actually increased a statutory-maximum penalty; although Harris's advisory Guidelines sentencing range also was enhanced, the new range still remained within the range of punishments established by statute. Harris now appeals that ruling, arguing once again that the decision in *Johnson* announced a new, substantive rule of law that should apply retroactively to collateral review both of sentences imposed pursuant to the ACCA and to sentences imposed pursuant to the definition of a "crime of violence" found in the Guidelines.

## DISCUSSION

In *Welch v. United States*, 136 S. Ct. 1257 (2016), a decision that was issued 19 days *after* the district court's denial of Harris's amended motion to vacate his sentence, the Supreme Court held that *Johnson* did indeed announce a new, substantive rule of law that must be applied retroactively to ACCA residual-clause cases on collateral review. Because the language of the ACCA's residual clause defining a "violent felony" is identical to the language of the residual clause in the definition of a "crime of violence" found in USSG § 4B1.2(a)(2), individuals sentenced under the career-offender provisions of the Guidelines, and under USSG § 2K2.1(a),

understandably also sought the relief afforded ACCA defendants by the Supreme Court in *Johnson* and *Welch*.

Some of those individuals have received the relief they requested. For example, in *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), a direct appeal of a Guidelines sentence, we held that "*Johnson*'s rationale applies with equal force to the Guidelines' residual clause." *Id.* at 907. Consequently, we vacated Pawlak's sentence in which the offense level had been enhanced based upon application of the residual clause referenced in § 4B1.2 of the Guidelines. *Id.* at 913. Similarly, because new rules of constitutional law should apply to all cases still on direct review, *see, e.g.*, *Griffith v. Kentucky*, 479 U.S. 314, 322 (1987) ("failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication"), we vacated at least two other sentences enhanced by findings of prior "crimes of violence" under the residual clause of the career-offender provisions of the Guidelines, USSG §§ 4B1.1 and 4B1.2(a)(2). *See United States v. Harbin*, 610 F. App'x 562 (6th Cir. 2015) (*per curiam*); *United States v. Darden*, 605 F. App'x 545 (6th Cir. 2015) (*per curiam*).

After *Pawlak*, challenges on direct review to sentences applying the Guidelines' residual clause remain easy cases. After all, in the absence of contrary guidance from the Supreme Court or a reversal of prior circuit precedent by an *en banc* decision of this court, one panel may not overrule an earlier published opinion of another panel. *See, e.g.*, *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). We must, therefore, continue to apply the *Pawlak* analysis in such instances.

Different considerations are brought to bear, however, in cases involving *collateral* attacks on pre-*Johnson* sentences applying the Guidelines' residual clause. Despite our holding

in *Pawlak* that *Johnson* will apply to invalidate Guidelines' residual-clause sentences on direct appeals, we recognize that *the Supreme Court* has not yet stated specifically that the principles set forth in *Johnson* also apply to challenges to the residual-clause provisions found in the Guidelines. Nor has the Court made any such right retroactively applicable to cases on collateral review.

In the context of applications for authorization to file second or successive § 2255 motions, however, we have explained that only a *prima facie* showing of entitlement to relief is required to proceed further with a claim. *In re Watkins*, 810 F.3d 375, 379 (6th Cir. 2015). Because *Pawlak* has equated the residual clauses of the ACCA and the Guidelines, we have found such a *prima facie* showing when a challenge is made to the constitutionality of applying the Guidelines' residual clause to sentence individuals as career offenders. *See, e.g.*, *In re Patrick*, 833 F.3d 584, 589 (6th Cir. 2016); *In re Embry*, 831 F.3d 377, 379 (6th Cir. 2016).

Nevertheless, in each of those cases, we tempered the relief we granted with a recognition of the fact that the Supreme Court soon will have the final say on these issues. In fact, the Supreme Court granted certiorari in June 2016 in *Beckles v. United States*, 136 S. Ct. 2510 (2016) (Mem.), a case that presents, in addition to another issue not relevant to Harris's appeal, the questions whether the residual clause of USSG § 4B1.2(a)(2) is unconstitutional in light of *Johnson*, and whether *Johnson*'s teachings have retroactive effect in a collateral proceeding involving the residual clause of the Guidelines. *See* Brief for Petitioner Beckles at *i, *Beckles v. United States*, No. 15-8544, 2016 WL 4363345 (U.S. Aug. 11, 2016); Brief for Respondent United States at I, *Beckles v. United States*, No. 15-8544, 2016 WL 5116851 (U.S. Sept. 19, 2016). Consequently, in both *In re Patrick* and *In re Embry*, we granted the petitioner's motion to file a second or successive § 2255 petition but transferred the cases to the appropriate district

court with directions to hold the cases in abeyance pending the Supreme Court's decision in *Beckles*. *In re Patrick*, 833 F.3d at 590; *In re Embry*, 831 F.3d at 378..

However, relying on the principles set forth in *Johnson*, *Welch*, and *Pawlak*, Harris asks for an immediate ruling on his request for resentencing because, as of the date of his notice of appeal, the Supreme Court had not heard argument in *Beckles*. Although seemingly premature, Harris's request for prompt resolution of his § 2255 motion is based upon legitimate and serious concerns. According to Harris, were we to conclude that his two prior convictions cannot be considered "crimes of violence" under *Johnson*'s standards, his new sentencing range for his felon-in-possession conviction would be reduced to 24-30 months. Because he already has served at least the 30 months that would constitute the upper end of that potential new range, he claims that he now is eligible for release from prison.

Although we sympathize with the situation in which Harris now finds himself, were we to accede to his request for an immediate ruling on his motion, he would not receive the relief he envisions. As we noted earlier, Harris did not appeal from the judgment of the district court sentencing him to 60 months in prison. That judgment thus became final on January 29, 2014. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). As a result, Harris's February 22, 2016, § 2255 motion was not filed within one year of the date his judgment of conviction became final, as required by U.S.C. § 2255(f)(1). In order to justify the fact that he waited 25 months to file his § 2255 motion, he did not allege any governmental impediment to a timely filing, *see* 28 U.S.C. § 2255(f)(2), nor claim that his motion was based on newly discovered facts. *See* 28 U.S.C.

§ 2255(f)(4). Harris's February 2016 filing still could be considered to have been filed in a timely manner, however, if we were to conclude that the release of the *Johnson* decision on June 26, 2015, recognized a new, substantive right that the Supreme Court has also made retroactively applicable to cases like Harris's. *See* 28 U.S.C. § 2255(f)(3).

At this point in time, we are reluctant to make such a determination. Indeed, the fact that the Supreme Court has granted certiorari in *Beckles* expressly to decide both the applicability of *Johnson* to the Guidelines' residual clause and whether such application should be deemed retroactive to cases on collateral review indicates that such a right was not recognized earlier and was not held in a prior Supreme Court decision to be applicable retroactively.

## CONCLUSION

Were we now to rule upon Harris's motion to vacate his sentence, we would be forced to dismiss the matter for failure to comply with 28 U.S.C. § 2255(f)'s one-year period for filing such a motion. Rather than do so, only to have Harris later seek authorization to file a second or successive § 2255 motion, we elect to hold Harris's appeal from the denial of his § 2255 motion in abeyance, pending the Supreme Court's issuance of a decision in *Beckles*.